```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEONARD W. HOUSTON,

                          Plaintiff,                                    REPORT AND
                                                                        RECOMMENDATION
            -against-
                                                                        09 Civ. 4544 (SCR) (GAY)
MANHEIM-NEW YORK d/b/a MANHEIM
SERVICES CORPORATION f/k/a MANHEIM'S
NEWBURGH AUTO AUCTION, a wholly owned
subsidiary corporation of COX Enterprises, Inc.,
GARY CHARLESWORTH, SCOTT FLORIO,
in their official capacities as designated Agents
of Manheim's auctions, and COX ENTERPRISES,
INC., a Delaware Corporation, and a parent
corporation for its subsidiaries,

                          Defendants.
------------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Leonard W. Houston, proceeding *pro se*, brings this action against corporate defendants Manheim-New York, Manheim Services Corporation *f/k/a* Manheim's Newburgh Auto Auction, and Cox Enterprises, Inc. ("Corporate Defendants"); and individual defendants Gary Charlesworth and Scott Florio ("Individual Defendants"). Plaintiff asserts employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. Presently before this

1

Court are the Individual Defendants' motions to dismiss[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and plaintiff's motion to strike certain of the Corporate Defendants' affirmative defenses[2] pursuant to Rule 12(f) of the FRCP. For the reasons that follow, I respectfully recommend that the Individual Defendants' motions to dismiss should be GRANTED in full, and plaintiff's motion to strike should be DENIED in full.

## I. BACKGROUND

The following facts are taken from plaintiff's First Amended Discrimination Complaint ("First Amended Complaint"). For the purposes of the present motions, said facts are presumed to be true.

Plaintiff is a black, African-American man, who at the time of his First Amended Complaint was "over 67 years of age." At certain times relevant to the First Amended Complaint, plaintiff was an employee at "Manheim."[3] He served as a customer service representative in the marketing department. His duties included "mak[ing] outbound calls to AutoDealer representatives . . ., answer[ing] inbound calls of auto dealers, and

---

[1] The Court notes that the Individual Defendants filed one motion to dismiss on July 13, 2009 (Docket # 18) and a second motion to dismiss on October 19, 2009 (Docket # 42). The Individual Defendants filed the second motion to dismiss after plaintiff filed his First Amended Complaint. At a discovery hearing before the undersigned on November 12, 2009, the Individual Defendants, through their attorney, advised the Court that the second motion to dismiss was essentially the same as the first. Accordingly, the Court addresses both motions to dismiss in the present Report & Recommendation.

[2] Docket # 25.

[3] Plaintiff refers to the Corporate Defendants collectively as "Manheim," thus it is unclear for which entity plaintiff actually worked. Nevertheless, the Court uses "Manheim" for consistency with plaintiff's pleadings.

2

assist[ing] in their requests with respect to [the marketing department's] special auction events, and other relative . . . services" at Manheim. At times relevant to the First Amended Complaint, defendant Charlesworth was a general manager and defendant Florio was an assistant general manager at Manheim.

On February 18, 2008, an arbitration manager position became available. On February 28, 2008, plaintiff submitted a "NAA Job Opening Reply Form/Application and supplemental documents" in application to said position. Plaintiff contends that he was "secretly interviewed" while "completely obscured from view." On the other hand, defendant Florio openly interviewed other candidates in his "glass wall office." By a letter dated June 5, 2008, Florio notified plaintiff that he did not get the position. On June 8, 2008, Florio stated to plaintiff that he "was not quite proper for the position."

On or before June 5, 2008, Manheim hired Dennis Fernando for the arbitration manager position. Fernando is a white man who was not then an employee of Manheim. He owned a company which sold electrical equipment and parts. Plaintiff contends that Manheim hired Fernando in an exchange agreement whereby Fernando would provide automotive electrical accessories and services for the immediate appointment to the arbitration manager position.

In addition, plaintiff contends he was denied the arbitration manager position because he is black and African-American. He asserts that only white employees and/or white applicants have filled the arbitration manager position. He further contends that he met the job qualifications for said position, namely the ability to "*faciliate*[ ] *the resolution of customer complaints after a sale and . . .* [*be*] *responsible for timely and*

3

*successful arbitration of vehicles between buyer and seller in accordance with Auction Policies.*" (emphasis in the original).

On June 10, 2008, plaintiff made a complaint to Manheim's human resources office, alleging discrimination in the company's hiring process for the arbitration manager position. Plaintiff specifically alleged that he was discriminated against because of his race and color, and because of the exchange agreement with Fernando. Plaintiff alleges that the human resource manager, Teri Powles, responded by saying, "You are 'strong arming' Manheim in the pursuit of this position . . . and it was [sic] not right." "Agents" of Manheim then also told plaintiff that they hired the most qualified candidate for the position.

On November 5, 2008, Manheim terminated plaintiff. Manheim advised plaintiff that his termination was the result of a reduction-in-force. Plaintiff contends that Manheim terminated him because of his discrimination claims and because of his age.

On July 14, 2008, the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") received a formal complaint from plaintiff. Plaintiff's complaint alleged violations pursuant to Title VII. In addition, on July 10, 2008, plaintiff forwarded a copy of said complaint to the State of New York Office of the Attorney General's Civil Rights Bureau. On April 29, 2009, the EEOC issued to plaintiff a "right to sue" letter. On May 13, 2009, plaintiff commenced the present action. Plaintiff filed a First Amended Complaint on October 1, 2009.

## II. MOTION TO DISMISS STANDARD

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint under a two-pronged approach: (1) determine which statements are well-pleaded factual allegations and assume their veracity, and (2) "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. Id. at 1950-51.

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the

complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Id. at 153 (quotation and citation omitted).

Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).

### III. EMPLOYMENT DISCRIMINATION CLAIMS

Plaintiff alleges that defendants unlawfully discriminated against him when they denied him a promotion to arbitration manager because of his age, color, and race, as prohibited by Title VII and the ADEA. Title VII forbids an employer from discriminating against "any individual" based on that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII's prohibitions apply whether the individual is an employee or an applicant for employment. Id. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 42 U.S.C. § 623(a)(1). The ADEA prohibits employers from discriminating against both employees and applicants for employment. Id. § 623(d). The prohibitions encompassed in the ADEA are "limited to individuals who are at least 40 years of age." Id. § 631(a).

However, individuals may not be held liable for violations of Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by*

6

Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753 (1998). Individuals also "may not be liable under the ADEA." Parker v. Metro. Transp. Auth., 97 F. Supp. 2d 437, 552 (S.D.N.Y. 2000) (citations omitted). To the extent that plaintiff asserts that the Individual Defendants are "agents" of Manheim, agency simply establishes another means of liability against Manheim. See Halpert v. Manhattan Apartments, Inc., 580 F.3d 86, 87-89 (2d Cir. 2009) (discussing agency liability in the context of an ADEA claim). Agency does not create liability against individuals. Thus, whether Charlesworth and Florio are individuals employed by, or agents of, Manheim, plaintiff has no actionable Title VII or ADEA claims against them. Accordingly, it is respectfully recommended that the Title VII and ADEA claims against the Individual Defendants should be dismissed.

## IV. MOTION TO STRIKE

Plaintiff also moves to strike certain of the Corporate Defendants' affirmative defenses. Construing plaintiff's motion broadly, it appears he seeks (1) to strike the Corporate Defendants' Answer and Affirmative Defenses of Defendants Manheim New York and Cox Enterprises, Inc. to First Amended Complaint ("Amended Answer")[4] in its entirety; (2) in the alternative, to strike certain statements contained in the Amended Answer; (3) to strike the Corporate Defendants Ninth Defense[5]; and (4) sanctions

---

[4] Plaintiff filed the present motion to strike prior to filing his First Amended Complaint, and subsequently, prior to the Corporate Defendants filing their Amended Answer. Nonetheless, the Court applies said motion to the Amended Answer as it fully replaces the Corporate Defendants' prior answer.

[5] Plaintiff's motion to strike refers to the Corporate Defendants' Tenth Defense contained in the Corporate Defendants' Answer and Affirmative Defenses of Defendants Manheim New York and Cox Enterprises, Inc.. However, as a result of plaintiff's filing of a First Amended Complaint and the Corporate Defendants' subsequent Amended Answer, the Tenth Defense is now the Corporate Defendants' Ninth Defense.

against the Corporate Defendants for allegedly violating his privacy by making certain statements in the Ninth Defense of their Amended Answer.[6] The Corporate defendants contend that plaintiff's motion has no merit.

FRCP 12(f) provides in part that "immaterial, pertinent, or scandalous matter" in a party's pleading may be stricken by the court. "[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." Kounitz v. Slaatten, 901 F. Supp. 650, 658 (S.D.N.Y. 1995) (citation omitted); see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893-94 (2d Cir. 1976). In order to prevail on a motion to strike a defense for legal insufficiency, "plaintiff must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." U.S. Commodity Futures Trading v. A.S. Templeton, 297 F. Supp. 2d 531, 533 (E.D.N.Y. 2003) (citation omitted); Intra-Mar Shipping (Cuba) S. A. v. John S. Emery & Co., 11 F.R.D. 284, 287 (S.D.N.Y. 1951) (citation omitted) (applying the test where a plaintiff made a motion to strike a defense for failing to constitute a valid denial). The court determines the sufficiency of a defense based on the face of the pleadings alone. Brew, Woltman & Co. v. Anthony, 94 F. Supp. 955, 956 (S.D.N.Y. 1961) (citations omitted). Moreover, the FRCP does not recognize a motion to strike pleadings on the grounds that they are a "sham" or false. Id. (citation omitted).

A. Striking the Amended Answer in Entirety

---

[6] The Court addresses plaintiff's motion for sanctions in a separate but contemporaneous Order.

Here, plaintiff asserts that the Corporate Defendants' Amended Answer should be struck in entirety because he filed a verified complaint, but the Amended Answer is not verified. As an initial matter, neither the FRCP nor the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") require an answer to be verified. See FRCP 5(d)(1)-(3), 8(b), 8(d), 11(a). Specifically, the FRCP states that "a pleading need not be verified or accompanied by an affidavit" unless required by a rule or statute. FRCP (11)(a). Moreover, the Corporate Defendants' Amended Answer clearly is responsive, and thus material, to plaintiff's First Amended Complaint. Finally, the Amended Answer raises questions of fact.

B. Striking Portions of the Amended Answer

1. *Denials*

Plaintiff contends that any of the responses which claim that the Corporate Defendants are without "knowledge or information" should be stricken from their Amended Answer. Plaintiff asserts that the Corporate Defendants have sufficient information to either admit or deny plaintiff's facts. Specifically, plaintiff asserts:

> And as well as possessed with [sic] more than 40 years of other superior and compatible "*transferable*" skills that were acquired, which included four years of honorable military service [United States Marine Corps] and classification, *i.e.*, "Auto Mechanic," as well as various private business experiences and other professional relative type employment.

First Amended Complaint ¶ 32 (emphasis in the original). In response, the Corporate Defendants state, "Defendants admit that Plaintiff has certain other prior work experience, but deny that such skills were "transferable" to all tasks. *Defendants are without knowledge or information regarding all of Plaintiff's prior experiences.*" Amended Answer ¶ 32 (emphasis added).

9

Plaintiff further asserts:

In that said Defendants assigned and/or selected for the advertised position a "White" outside Non-employees [sic], and being currently a wholesale business proprietor as the Applicant/Candidate-Dennis Fernando, Owner: **First World Sales Co.**, at 13 Pinehurst Circle, Monroe, New York 10950:

> "A private company (year started in 1982) - (Wholesale) electrical equipment, electronic parts and electric equipment and wiring merchant, located in Monroe, New York,"

and upon information and belief,

> Current estimates show this Company has an annual revenue of more than $420,000. [sic] and employs a staff of approximately 1 to 4 employees.

First Amended Complaint ¶ 52 (emphasis in the original). The Corporate Defendants responded:

> Upon information and belief, Defendants admit that Dennis Fernando, the individual that Manheim New York hired for the Arbitration Manager position, was the owner of FirstWorld Sales Co. at the time he was hired by Manheim New York. Defendants deny that Mr. Fernando is White. *Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the remaining allegations contained in Paragraph 52 of the* [First Amended] *Complaint, and therefore deny same*.

Amended Answer ¶ 52 (emphasis added).

Finally, plaintiff asserts that he "has been unable, despite reasonable efforts, to find comparable employment, as a result of Defendants' willful discrimination [sic] act of termination of said Plaintiff . . . ." First Amended Complaint ¶ 100. In response, the Corporate Defendants state that they "*are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's efforts or ability to find*

10

*comparable employment, and therefore deny same.*" Amended Answer ¶ 100 (emphasis added).

As a general rule, the FRCP requires that the Corporate Defendants admit or deny the allegations asserted against it. FRCP 8(b)(1). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Id. (8)(b)(4). A party which "lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state," and said statement has the same effect of a denial. Id. (8)(b)(5).

The portions of the responses in paragraphs 32, 52, and 100 of the Amended Answer which state that the Corporate Defendants lack knowledge or information have the effect of a denial. As such, said responses raise a question of fact. To the extent that plaintiff claims that the Corporate Defendants' lack of knowledge or information is a sham, said claim does not provide a basis for a motion to strike.

### 2. Ninth Defense

Plaintiff further contends that the Corporate Defendants Ninth Defense should be stricken because it violates his privacy. The Ninth Defense states, "Plaintiff is barred from recovery to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his termination by, or would have precluded him from obtaining employment with," the Corporate Defendants "had Defendants discovered such conduct." Amended Complaint ¶ 115. Said defense asserts a legitimate motive behind plaintiff's termination. Because plaintiff asserts claims that the Corporate Defendants had improper motives for his termination, the Ninth Defense is material and also raises a question of fact.

11

Finally, plaintiff is not prejudiced by the inclusion of any or all of the Amended Answer, or the Ninth Defense, in this action. Plaintiff has the right to object to any evidence at trial regarding the allegations. Accordingly, plaintiff's motion to strike the Amended Answer, in part or in full, should be denied.

## V. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that the Individual Defendants' motions to dismiss should be GRANTED as to all of plaintiffs' claims; and plaintiff's motion to strike should be DENIED in full.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(C), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: January 22, 2010      Respectfully Submitted:
White Plains, New York

_George A. Yanthis_
GEORGE A. YANTHIS, U.S.M.J.