```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEONARD W. HOUSTON,

                        Plaintiff,

        -against-                                                       ORDER

MANHEIM-NEW YORK d/b/a MANHEIM                                  09 Civ. 4544 (SCR) (GAY)
SERVICES CORPORATION f/k/a MANHEIM'S
NEWBURGH AUTO AUCTION, a wholly owned
subsidiary corporation of COX Enterprises, Inc.,
GARY CHARLESWORTH, SCOTT FLORIO,
in their official capacities as designated Agents
of Manheim's auctions, and COX ENTERPRISES,
INC., a Delaware Corporation, and a parent
corporation for its subsidiaries,

                        Defendants.
------------------------------------------------------------------X
```

Before this Court is plaintiff's motion seeking sanctions against corporate defendants Manheim-New York, Manheim Services Corporation *f/k/a* Manheim's Newburgh Auto Auction, and Cox Enterprises, Inc. ("Corporate Defendants"). Docket # 25. Plaintiff contends that the Corporate Defendants violated his right to privacy pursuant to 5 U.S.C. § 552(a). Specifically, plaintiff contends that he did not consent to the Corporate Defendants' disclosure in their Ninth Defense that: "Plaintiff is barred from recovery to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his termination by, or would have precluded him from obtaining employment with," the Corporate Defendants "had Defendants discovered such conduct." Corporate Defendants' Answer and Affirmative Defenses of Defendants Manheim New York and Cox Enterprises, Inc. to First Amended Complaint ¶ 115 [hereinafter "Amended Answer"]. As such, plaintiff asserts

that the Corporate Defendants acted in bad faith, and thus the Court should issue sanctions under its "inherent power."

Rule 11(b) of the Federal Rules of Civil Procedure ("FRCP") requires that pleadings submitted to the Court: (1) [are] "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) contain defenses which "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contain "factual contentions [which] have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and" (4) contain "denials of factual contentions [which] are warranted on the evidence or . . . are reasonably based on belief or a lack of information." FRCP 11(b). If the Court "determines that Rule 11(b) has been violated, the [C]ourt may impose an appropriate sanction" on its own pursuant to the procedure established in Rule 11(c)(3) of the FRCP. FRCP 11(c)(1), (3). In order for plaintiff to properly move for sanctions pursuant to Rule 11(b), said motion "must be made separately from any other motion" and "must not be filed or be presented to the [C]ourt if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." FRCP 11(c)(2).

As an initial matter, plaintiff moved for sanctions at the same time that he moved to strike affirmative defenses. Additionally, he did not provide the Corporate Defendants with 21 days to withdraw or correct any alleged violations of Rule 11(b). Thus, plaintiff failed to comply with the FRCP.

In any event, the statute from which plaintiff claims a right to privacy, and thus an

alleged violation of FRCP 11(b), is part of the Freedom of Information Act ("FOIA"). FOIA provides rules by which government organizations make information available to the public. See generally 5 U.S.C. § 552. FOIA does not apply to private companies such as the Corporate Defendants. FOIA also does not establish a cause of action for a violation of privacy as plaintiff claims here.

Moreover, even if plaintiff did have a right to privacy, he raises his termination as an issue in the present action. Once plaintiff establishes a prima facie case of Title VII employment discrimination, defendants bear "the burden of producing an explanation to rebut the prima facie case." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993) (citations omitted). Regarding plaintiff's ADEA claim, plaintiff bears "the burden of persuasion to establish that age was the 'but-for' cause of [Manheim's] adverse action." Gross v. FBL Financial Servs., Inc., 129 S. Ct. 2343, 2350-51 (2009) (citations omitted). Accordingly, the Corporate Defendants have not violated Rule 11(b) by raising as a defense a putative legitimate reason for terminating plaintiff.

Thus, the Court concludes that Rule 11 sanctions are not justified. Accordingly, plaintiff's motion is DENIED.

Date: January 22, 2010

White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

3