UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARD W. HOUSTON,                                    :
                                                       :
    Plaintiff,                     :  09 Civ. 4544 (SCR) (GAY)
                                                       :
  v.                                         :  **ORDER ADOPTING**
                                                       :  **REPORT AND**
                                                       :  **RECOMMENDATION**
                                                       :
MANHEIM-NEW YORK *d/b/a* MANHEIM                       :
SERVICES CORPORATION *f/k/a* MANHEIM'S                 :  ┌──────────────────────────────┐
NEWBURGH AUTO AUCTION, *a wholly owned*                :  │ USDC SDNY                    │
*subsidiary corporation of* COX ENTERPRISES, INC.,     :  │ DOCUMENT                     │
GARY CHARLESWORTH, SCOTT FLORIO,                       :  │ ELECTRONICALLY FILED         │
*in their official capacities as designated*           :  │ DOC #:                       │
*Agents of Manheim's auctions, and*                    :  │ DATE FILED:                  │
COX ENTERPRISES, INC., a Delaware Corporation,         :  └──────────────────────────────┘
*and a parent corporation for its subsidiaries,*       :
                                                       :
    Defendants.                    :
                                                       :

---

**STEPHEN C. ROBINSON, UNITED STATES DISTRICT JUDGE.**

  Plaintiff Leonard W. Houston ("Houston" or "Plaintiff"), proceeding *pro se*, commenced

this action against corporate defendants Manheim-New York, Manheim Services Corporation

*f/k/a* Manheim's Newburgh Auto Auction, and Cox Enterprises, Inc. (collectively, the

"Corporate Defendants") and individual defendants Gary Charlesworth and Scott Florio

(collectively, the "Individual Defendants"). Plaintiff asserts employment discrimination claims

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-

17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. Plaintiff

alleges that the defendants unlawfully discriminated against him when they denied him a

promotion to arbitration manager because of his age, color, and race, as prohibited by Title VII

and the ADEA. The Individual Defendants have filed motions to dismiss pursuant to Rule

09 Civ. 4544 (SCR) (GAY)

12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff has filed a motion to strike certain

of the Corporate Defendants' affirmative defenses pursuant to Rule 12(f) of the Federal Rules of

Civil Procedure.

This matter was referred to United States Magistrate Judge George A. Yanthis, who

issued a Report and Recommendation on January 22, 2010, recommending that the Individual

Defendants' motions to dismiss be granted in full and that Plaintiff's motion to strike be denied

in full.

The parties had the right to file written objections to the Report and Recommendation

within fourteen days from January 22, 2010.  28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b).

Plaintiff filed timely objections to the Report and Recommendation on January 29, 2010.

For the reasons set forth in this Memorandum Order, this Court adopts the Report and

Recommendation in its entirety.

# I

# BACKGROUND

Knowledge of the facts alleged in Houston's First Amended Complaint, as described in

Part I of Judge Yanthis's Report and Recommendation, is assumed for purposes of this order.

# II

# STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C §636(b)(1)(C).  To accept a Report and Recommendation to which no timely objection

09 Civ. 4544 (SCR) (GAY)

has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp 815, 817 (S.D.N.Y. 1991) (noting that a court may accept an unobjected-to report if it is "not facially erroneous").

A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). However, "[t]o the extent . . . that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (collecting cases).

This standard of review must be applied while remaining cognizant of the Court's obligation to construe a *pro se* litigant's submissions liberally so that they raise the strongest

3

09 Civ. 4544 (SCR) (GAY)

possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

# III

## DISCUSSION

### A. Motion to Dismiss

In his submission to the Court, Houston raises three objections to Judge Yanthis's Report and Recommendation.[1] The first two objections are actually arguments that Judge Yanthis erred in failing to impose Rule 11 sanctions on the Corporate Defendants. Judge Yanthis addressed Plaintiff's motion for sanctions in a separate but contemporaneous order, and the Plaintiff's arguments are addressed in the Court's review of the order below. Houston's third objection, and the only one that directly relates to Judge Yanthis's Report and Recommendation, challenges Judge Yanthis's conclusion that individuals may not be held liable for violations of Title VII or the ADEA. Houston argues that he is not barred from seeking "prospective *equitable relief* and *attorneys fees*" under Title VII and the ADEA. Obj. at ¶¶ 11, 19 (emphasis in original). However, the cases he references stand for the proposition that the Eleventh Amendment does not bar federal courts from issuing an injunction against a state official who is acting contrary to federal law. Individuals are not subject to liability under Title VII. *Sassaman v. Gamache*, 566 F.3d 307, 315–316 (2d Cir. 2009) (citations omitted). The ADEA also precludes individual liability. *Cherry v. Toussaint*, 50 Fed. Appx. 476, 477 (2d Cir. 2002) (citing *Parker v. Metropolitan Transp. Auth.*, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2002). Therefore, the Plaintiff

---

[1] Plaintiff's submission also asserts that he has established a prima facie claim under 42 U.S.C. § 1985. This claim is nowhere mentioned in the First Amended Complaint and is thus not before this Court.

09 Civ. 4544 (SCR) (GAY)

has no actionable Title VII or ADEA claims against the Individual Defendants, and these claims must be dismissed with prejudice.

**B. Motion to Strike**

On July 27, 2009, Plaintiff filed a motion to strike certain of the Corporate Defendants' affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Judge Yanthis construed this motion as seeking (1) to strike the Corporate Defendants' Answer and Affirmative Defenses of Defendants Manheim-New York and Cox Enterprises, Inc. to Plaintiff's First Amended Complaint ("Amended Answer") in its entirety; (2) in the alternative, to strike certain statements contained in the Amended Answer; and (3) to strike the Corporate Defendants Ninth Defense.

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Kounitz v. Slaatten*, 901 F. Supp. 650 (1995) (citing *Burger v. Health Ins. Plan of Greater New York*, 684 F. Supp. 46, 52 (S.D.N.Y. 1988). The Second Circuit has cautioned, "A motion to strike an affirmative defense under Rule 12(f), Fed. R. Civ. P. for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) (holding that district court erred in striking affirmative defenses where further facts were needed to resolve issue in case).

In order to prevail on a motion to strike, a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which

5

09 Civ. 4544 (SCR) (GAY)

might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999). The sufficiency of a defense is to be determined solely upon the face of the pleading; affidavits of the parties are disregarded. *Brew, Woltman & Co. v. Anthony*, 94 F. Supp. 955, 956 (S.D.N.Y. 1961). (citations omitted). Notably, Rule 12(f) does not authorize a motion to strike a defense on the ground that it is a "sham, that is, false in fact." *Intra-Mar Shipping (Cuba) S.A. v. John S. Emery & Co.*, 11 F.R.D. 284, 287 (S.D.N.Y. 1951) (where Plaintiff moved to strike Defendant's pleadings on the ground that they were "sham and false and not constituting valid denials").

This Court has reviewed Judge Yanthis's conclusion that the Amended Answer should not be stricken, either in whole or in part, and has determined that there is no clear legal error. Accordingly, this Court adopts the Report and Recommendation in its entirety.

## C. Rule 11 Sanctions

Plaintiff also sought sanctions against the Corporate Defendants for allegedly violating his privacy by making certain statements in the Ninth Defense of their Amended Answer. Plaintiff argues that that the Corporate Defendants obtained private information "under false pretenses, and in the absence of express written consent," to establish their defense that "Plaintiff is barred from recovery to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his termination by, or would have precluded him from obtaining employment with" the Corporate Defendants "had Defendants discovered such conduct." Amended Answer ¶ 114. Judge Yanthis denied Plaintiff's motion for sanctions in a separate but contemporaneous order.

It is yet unsettled in the Second Circuit whether magistrate judges, when acting pursuant to a district court's reference under 28 U.S.C. § 636(b), are authorized to issue orders sanctioning

09 Civ. 4544 (SCR) (GAY)

attorneys pursuant to Rule 11 of the Federal Rules of Civil Procedure or are authorized only to make recommendations to district judges on whether Rule 11 sanctions should be imposed. The issue has divided the district courts in our Circuit as well as splitting the circuits themselves. *See Kiobel v. Millson*, 592 F.3d 78, 107 (2d Cir. 2010) (Jacobs, C.J., concurring) (collecting cases). As recently as last month, the question divided a Second Circuit panel, but evaded resolution because the court overturned the sanctions on a different basis. In the absence of clear guidance on how a district court should review the determination of a magistrate judge that Rule 11 sanctions are warranted, Judge Leval advises district judges to review magistrate judge orders imposing sanctions under Rule 11 both *de novo* and under a deferential standard. "If the district court makes clear that, regardless of whether the standard of review is deferential or de novo, it would impose the same sanction, the issue of the magistrate judge's power will be moot, as it will be in the case in which the district court rejects the sanction on either standard. It is only in the case where the district court would uphold the sanction if review is deferential but would withhold it if review is *de novo* that a higher court will need to decide the question." *Kiobel*, 592 F.3d at 105 (Leval, J., concurring). Because this Court agrees that sanctions were not warranted on either standard, it does not reach the issue of whether a magistrate judge would have the authority to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure in cases referred under 28 U.S.C. § 636(b).

Rule 11(b) of the Federal Rules of Civil Procedure requires that pleadings submitted to the court: (1) are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) contain "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;"(3) contain

09 Civ. 4544 (SCR) (GAY)

"factual contentions [that] have evidentiary support or … will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and" (4) contain "denials of factual contentions [that] are warranted on the evidence or … are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" pursuant to Rule 11(c) of the Federal Rules of Civil Procedure.

Houston argues that the Court should decline to adopt the Magistrate Judge's Report and Recommendation because of the "witness tampering and obstruction of justice as committed by Defendants." He claims that Defendants' counsel engaged in "clearly unethical behavior" and that the Magistrate Judge "abdicated its inherent judicial duty" by failing to "impose the necessary and appropriate sanctions and disciplinary action for such conduct which is prejudicial to the administration of justice." Obj. at 4.

Assuming *arguendo* that Houston had complied with the procedural requirements under 11(c)(2) for making a motion for sanctions, he has not demonstrated any violation under Rule 11(b). Houston claims a violation of privacy under 5 U.S.C. § 552, the Freedom of Information Act, which regulates government agencies and is not applicable in this case.[2]

Thus, this Court concludes that Rule 11 sanctions were not warranted.

---

[2] The Court notes that Houston also sent a letter to Judge Marrero dated June 15, 2009, regarding "Notice of improper purpose and sanctionable conduct of harassment, coercion, and intimidation against *Pro-se* litigant by Defense Attorneys." To the extent that this letter presents any argument for sanctions, it was not incorporated by reference in the Plaintiff's affidavit or memorandum before Judge Yanthis or the subject of a separate motion for sanctions and is thus not considered by this Court.

8

09 Civ. 4544 (SCR) (GAY)

## IV

## CONCLUSION

The Court has reviewed Judge Yanthis's Report and Recommendation and has

determined that there is no clear legal error on the face of the record. For the reasons stated in

this Memorandum Order, this Court adopts the Report and Recommendation in its entirety and

affirms the Order denying Plaintiff's motion for sanctions.

The Clerk of the Court is directed to close docket entries 18 and 42.


*It is so ordered.*

Dated: March 3 , 2010

White Plains, New York

Stephen C. Robinson
United States District Judge

9