UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD W. HOUSTON,

                    Plaintiff,

v.

MANHEIM-NEW YORK d/b/a MANHEIM SERVICES CORPORATOIN f/k/a MANHEIM'S NEWBURGH AUTO AUCTION, a wholly owned subsidiary corporation of COX Enterprises, Inc., and COX ENTERPRISES, INC. a Delaware Corporation, and a parent corporation for its subsidiaries,

                    Defendants.



09 Civ. 4544 (RO)

## ORDER

OWEN, District Judge:

    *Pro se* Plaintiff Leonard W. Houston ("Houston") brought this action against corporate defendants Manheim-New York, Manheim Services Corporation f/k/a Manheim's Newburgh Auto Auction, and Cox Enterprises, Inc. ("Corporate Defendants").[1] Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. Plaintiff claims that he was discriminated against unlawfully on the basis of his age, color, and race, in violation of Title VII and the ADEA, when Defendants denied him a promotion to arbitration manager.

---

[1] By order dated March 3, 2010, Judge Stephen C. Robinson granted a Motion to Dismiss filed by Defendants Gary Charlesworth and Scott Florio, whereby those Defendants were dismissed from the case (Docket Entry No. 64).

1

## BACKGROUND

More detailed factual and procedural history behind this action is provided in the Report and Recommendation. By way of summary, Plaintiff, an African-American male who at the time of his First Amended Complaint was 67 years old, was an at-will part-time employee of Manheim-New York (the "company"). Plaintiff applied to and interviewed for an Arbitration Manager position with Manheim-New York in late February 2008. The company hired another candidate, with whom they had no previous relationship. After the company informed Plaintiff that he had not been hired for the position, Plaintiff met with the assistant general manager who had interviewed Plaintiff, and thereafter submitted a written complaint to Manheim-New York's human resources department.

In November, 2008, Plaintiff was terminated, along with nineteen other employees of the company, as part of a reduction-in-force. In July 2008, Plaintiff filed a complaint with the United States Equal Opportunity Commission ("EEOC"), alleging that did not receive the arbitration manager position because of his race. On May 13, 2009, Plaintiff filed the present action.

On April 16, 2010, Defendants moved for summary judgment (Docket Entry Nos. 66-71), which was opposed by Plaintiff on May 3, 2010. (Docket Entry No. 72-77.) On May 26, 2010, Defendants filed a reply in support of the motion. (Docket Entry No. 92.) On July 7, 2010, Magistrate Judge George Yanthis issued a Report and Recommendation (the "Report") in which he recommended that Defendants motion for summary judgment be granted as to all of Plaintiffs' claims and that Plaintiff's motion for class certification be denied in full. (Docket Entry No. 93.) On July 8, 2010, Plaintiff filed objections to the Report (Docket Entry No. 94.), and on July 27, 2010, Defendants filed a Response to Plaintiff's objections to the Report.

(Docket Entry No. 95.) On August 2, 2010, this case was transferred from Judge Robinson to this Court. (Docket Entry No. 96.)

As explained below, the Court concurs with the Report and Recommendation of Magistrate Judge Yanthis adopts it as the Order of this Court. Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for class certification is DENIED.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). In its sound

discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

## DISCUSSION

In the Report and Recommendation, Judge Yanthis recommends dismissal of Plaintiff's four claims against Defendant – discrimination for allegedly denying Plaintiff a promotion to arbitration manager for reasons of race and color, in violation of Title VII; discrimination "quid pro quo" for allegedly having an "exchange agreement" with the candidate who was hired for the position; discrimination for terminating Plaintiff in violation of the ADEA; and class action discrimination based on race and color in violation of Title VII.

### Title VII

The Report finds that Plaintiff has failed to make a prima facie case of discrimination because Plaintiff has failed to provide evidence to support his assertions of discriminatory hiring. Furthermore, the Report finds that in any event, Defendants have offered a legitimate, nondiscriminatory reason for not hiring Plaintiff for the arbitration manager position. Plaintiff's objections to the Report's findings on this issue are general and unsupported by evidence, and repeat arguments Plaintiff has previously submitted and that were considered in the Report. Plaintiff's vague objections on this issue (See Pls. Objections at 7-11), which again do not offer

4

any evidence that the hiring practices used by Defendants are discriminatory, fail to raise a material issue of fact sufficient to withstand summary judgment.

'Quid Pro Quo'

The Report finds that Plaintiff has failed to allege facts that support *quid pro quo* discrimination pursuant to Title VII, which typically refers to sexual harassment in which "an employer demand[s] sexual favors from an employee in return for a job benefit." *Burlington Indus., Inc. v. Ellerth*, 525 U.S. 742, 752 (1998). Plaintiff's objections do not address this aspect of the Report's findings.

ADEA

The Report finds that Plaintiff's ADEA claim should be dismissed because Plaintiff did not first file his ADEA claim with the Equal Employment Opportunity Commission ('EEOC'). Plaintiff's objections do not address these aspects of the Report's findings.

Class Action Under Title VII

The Report recommends that Plaintiff's class action claim and motion for class certification be dismissed because individuals cannot maintain 'pattern or practice' claims and because Plaintiff does not have standing to bring such a claim. Plaintiff's objection to this finding is vague and unsupported, merely stating that the facts are 'plainly sufficient' to merit class certification. (Pls. Objection at 12.) Defendants rightly argue that Plaintiff has failed to allege facts that meet the standards of Federal Rule of Civil Procedure 23.

5

## CONCLUSION

For the reasons explained above, the Court concurs with the Report and Recommendation of Magistrate Judge Yanthis, and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, Defendants' motion for summary judgment is hereby GRANTED as to all of Plaintiff's claims, and Plaintiff's motion for class certification is hereby DENIED in full.

SO ORDERED.

March 15, 2011

*[signature]*
RICHARD OWEN
UNITED STATES DISTRICT JUDGE